UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re _____

Debtor

Case No. _____

Amended

**Notice of Final Hearing on Motion [*Check One*]**

  **For Use of Cash Collateral**

  **To Obtain Credit**

YOU ARE NOTIFIED THAT:

1. The undersigned moving party, _____, filed a Motion   For Use of Cash Collateral   To Obtain Credit (check one).  The motion is attached and includes the statement required by Local Bankruptcy Form (LBF) 541.5, Procedures re: Motions for Use of Cash Collateral or to Obtain Credit.

2. The name and service address of the moving party's attorney (or moving party, if no attorney) are:_____
_____

3. An evidentiary hearing on the motion, at which witnesses may testify, will be held as follows:

**Date:** _____   **Time:** _____

**Location**:

   Courtroom #_____, _____

   Telephone Hearing [*See LBF 888, Telephone Hearing Requirements*.]

   **Call In Number:** (888) 684-8852

   **Access Code:**   5870400 for Judge David W. Hercher (dwh)

   1238244 for Judge Peter C. McKittrick (pcm)

   4950985 for Judge Teresa H. Pearson (thp)

   3388495 for Judge Thomas M. Renn (tmr)

   Video Hearing. To connect, see www.orb.uscourts.gov/video-hearings.

541 (12/1/2022)                 Page 1 of 2

4. If you wish to object to the motion, you must, within 14 days of the service date shown in paragraph 5 below, file with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401: (1) a written response which states the facts upon which you will rely, and (2) a certificate showing the response has been served on the U.S. trustee and the attorney or party named in paragraph 2 above.

5. I certify that on _____ this notice and the motion were served pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 7004 on the debtor(s), any debtor's attorney, any trustee, any trustee's attorney, members of any committee appointed under 11 U.S.C. § 1102 or elected pursuant to 11 U.S.C. § 705 or its authorized agent (or, if no committee in a chapter 11 case, on all creditors listed on the list filed pursuant to FRBP 1007(d)), any creditors' committee attorney, the U.S. trustee, and all entities with any interest in the cash collateral subject to this motion, whose names and addresses used for service are as follows:

_____
Signature of Moving Party or Attorney                               OSB#

_____
(If debtor is movant) Debtor's Address & Last 4 Digits of Taxpayer ID#

_____

In re Roda, LLC
Ch 11 Bankruptcy Case No. __23-30250-thp11__

RODA, LLC
Roy MacMillan
20407 SW Borchers Dr.
Sherwood, OR  97140

**20 Largest Creditors:**

PC0120N Joint Venture
c/o Mariska Cain, Director of Lending
PacWest Funding Inc.,
dba Precision Capital
4710 Village Plaza Loop #100
Eugene, OR 97401

PC0120N Joint Venture
c/o Julia I. Manela
Watkinson Laird Rubenstein, P.C.
1203 Willamette Street, Suite 200
Eugene, OR 97401

Charles Quesenberry
105 Academy St
Bluefield, VA 24605

SRL Legal, LLC
Attn:  Sally Leisure, Esq.
25-6 NW 23rd Pl, #241
Portland, OR 97210

Twilight Consulting
Attn:  Adriana Dodger
PO Box 50253
Eugene, OR 97405

Walker Consulting, LLC
Attn: Gretchen Walker
633 Warner Parrott Rd
Oregon City, OR 97045

**Secured Creditors & Lienholders**:

PC0120N Joint Venture
4710 Village Plaza Loop # 100
Eugene, OR 97401

PC0120N Joint Venture
c/o Mariska Cain, Director of Lending
PacWest Funding Inc.,
dba Precision Capital
4710 Village Plaza Loop #100
Eugene, OR 97401

PC0120N Joint Venture
c/o Julia I. Manela
Watkinson Laird Rubenstein, P.C.
1203 Willamette Street, Suite 200
Eugene, OR 97401

Kathryn Harrington, Chair at Large of
Board of County Commissioners
Washington County Assess. & Taxation
Charles D. Cameron Public Svc Bldg.
155 N First Avenue
Hillsboro, Oregon 97124

Washington County Assess. & Taxation
Charles D. Cameron Public Svc Bldg.
155 N First Avenue
Hillsboro, Oregon 97124

**US Trustee:**

U.S. Trustee
1220 SW 3rd Ave., Rm 315
Portland, OR 97204

**Electronic Mail:**

The foregoing was served on all
CM/ECF participants through the
Court's Case Management/Electronic
Case File system

Douglas R. Ricks, OSB #044026
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4869
Fax: 503-241-3731

Of Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 23-30250-dwh11 |
|---|---|
| RODA, LLC | MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR'S-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION |
| Debtor-in-Possession. | |

Debtor-in-Possession, RODA, LLC ("Debtor"), pursuant to Sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rule 4001, and LBR 4001-1.D., moves the Court for entry of a final order authorizing use of cash collateral as defined by §363(a) of the Bankruptcy Code ("Cash Collateral"), and, in support, represents and states as follows:

1. On February 6, 2023 (the "Petition Date"), Debtor commenced a reorganization case by the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

2. Pursuant to §§ 1107 and 1108 of the Code, Debtor is authorized to possession of Debtor's property and to operate and manage Debtor's business as debtor-in-possession.

Page 1 of 6   MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 23-30250-thp11    Doc 7    Filed 02/06/23

## DEBTOR'S BUSINESS

3. Debtor is an Oregon limited liability company headquartered in Washington County. Debtor is a holding company of certain real property and a structure that houses an ice arena open to the general public and, additionally, offers commercial office space located at 20407 SW Borchers Dr., Sherwood, Washington County, Oregon. Oregon Ice Entertainment, Inc. leases most of the Debtor's facility and operates the ice arena, which specializes in figure skating and hockey skating lessons and is host to adult hockey made up of 60 teams playing in 9 separate divisions.

## PARTIES WITH POTENTIAL INTERESTS IN CASH COLLATERAL

4. The following entities ("Lien Creditors") may claim a lien in the Cash Collateral based upon the security interest held by the Lien Creditor for the following collateral:

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Approximate Amount Owing | Property Value | Brief Collateral Description |
|---|---|---|---|---|
| PC0120N Joint Venture by Assignment of Trust Deed Assignee, PacWest Funding, Inc. dba Precision Capital ("Precision Capital") | 120N | $7,444,915.50 | $7,493,800.00 (tax real market value) | Trust Deed on real property located at 20407 SW Borchers Dr., Sherwood, OR 97140 |
| Washington County Assessment. & Taxation ("Washington County") | R2126915 | $169,944.70 | $7,493,800.00 (tax real market value) | Real Property Taxes on 20407 SW Borchers Dr., Sherwood, OR 97140 |

\* Property value includes only real estate values, full collateral value is substantially higher.

5. Other than the Lien Creditors noted above, Debtor is not aware of any parties holding an interest in Cash Collateral.

Page 2 of 6    MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 23-30250-thp11    Doc 7    Filed 02/06/23

6. To preserve the value of Debtor's business as a going concern, Debtor requires the use of the rents and cash generated from Debtor's business to pay Debtor's operating expenses

7. Debtor requires the use of Cash Collateral to make reasonable and necessary payments related to the business including, but not limited to, property taxes, repair and maintenance costs, and adequate protection payments and/or mortgage payments to the Lien Creditors

8. In order to formulate a plan of reorganization, Debtor requires the use of Cash Collateral for the payment of operating expenses. Debtor proposes to use Cash Collateral of $308,700.00 (inclusive of adequate protection payments, described below) on the terms set forth in the proposed Final Order Authorizing Use of Cash Collateral attached hereto as **Exhibit A**. Debtor's projected operating expense budget from the Petition Date through June 30, 2023 (the "Budget Period") is attached to **Exhibit A** marked **Exhibit 1**, respectively (the "Budget"). Such Cash Collateral includes, but is not limited to, any uncashed checks made payable to the Debtor and cash collateral in possession of a Lien Creditor or an agent for a Lien Creditor on the Petition Date.

9. Debtor has made reasonable efforts to secure alternative financing. Debtor is unable to obtain necessary financial accommodations for the expenses shown in **Exhibit 1** from any source.

10. After reasonable efforts, Debtor is unable, pursuant to §364(a) or (b), to obtain unsecured credit allowable under §503(b)(1) as an administrative expense.

11. Allowing Debtor to use Cash Collateral on the terms set forth in the proposed Final Order Authorizing Use of Cash Collateral attached hereto as **Exhibit A** will maximize

Page 3 of 6    MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 23-30250-thp11    Doc 7    Filed 02/06/23

the value of the Debtor's assets for the estate, will increase the probability of successful reorganization, and is in the best interests of the creditors and this estate.

12. Without the use of Cash Collateral, Debtor has insufficient funds to meet Debtor's expenses as itemized in **Exhibit 1**. Debtor has an immediate need for Cash Collateral to pay Debtor's operating expenses, including payments for improvements, provide deposits to utilities as needed under 11 U.S.C. §366 and make adequate protection payments, all of which will preserve the value of Debtor's's business.

13. The proposed order on this motion does not contain any of the "disfavored provisions" listed in LBF #541.7.

## PROPOSED TERMS OF CASH COLLATERAL ORDER

**14.** Debtor further proposes that Debtor's authority to use Cash Collateral be limited to the cumulative amounts and uses of Cash Collateral as set forth in the Budget; provided however, that Debtor may make expenditures in excess of the amounts specified in the Budget subject to the limitation that the variance for each expense line item on **Exhibit 1** shall not exceed $500 or ten percent (10%), whichever is greater, under the Budget for the Budget Period.

## PROPOSED ADEQUATE PROTECTION

15. Notwithstanding anything to the contrary contained in Section 552(a) of the Code, as adequate protection for, and to secure payment of, an amount equal to the aggregate diminution (from the Petition Date) in the value of the property of Debtor to which any of the liens of the parties identified in paragraph 4 herein shall have attached, and as security for and an inducement to said parties to permit use of Cash Collateral, Debtor proposes to grant to each of them the following protection:

Page 4 of 6   MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 23-30250-thp11    Doc 7    Filed 02/06/23

a. A replacement lien on all of the post-petition property of the same nature and kind in which each of them has a pre-petition line or security interest. The replacement liens shall have the same relative priority vis-a-vis one another as existed on the petition date with respect to the original liens.

b. Debtor shall timely perform and complete all actions necessary and appropriate to protect Lien Creditors' collateral against diminution in value.

c. Debtor shall make adequate protection payments of $35,000 per month to Precision Capital beginning on March 15, 2023 and on the 15th of each consecutive month during the Budget Period. Such payments are to be held by Precision Capital as additional collateral and only applied under the terms of a further order of this Court or the terms of a confirmed Plan of Reorganization.

d. Washington County is adequately protected for use of the cash collateral by the substantial equity cushion which exists in the Property. The Real Market Value (according to Washington County) of the real property referenced in paragraph 4 is $7,493,800.00 as of the 2022-23 tax year. The amount owed to the Lien Creditor is approximately $169,944.70, which translates to an equity cushion of approximately 97.73%, which more than adequately protects the Lien Creditor.

A significant equity cushion is in and of itself sufficient adequate protection to support a debtor's request or use of cash collateral. *See In re Mellor*, 734 F2d 1396 (9th Cir, 1984) where the Court implied that an equity cushion of 10% is sufficient to adequately protect a secured creditor for use of the secured creditor's cash collateral. Relying on *Mellor*, the

MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Ninth Circuit Appellate Panel has found that adequate protection existed where an 11.45% equity cushion existed: *See In re Boulders on the River, Inc.*, 164 B.R. 99 (9th Cir. B.A.P. 1994).

Here, Washington County has roughly a 97.73% equity cushion which more than adequately protects the Lien Creditor from any risk of loss associated with the use of cash collateral.

## NOTICE

16. No creditors' committee under §1102 of the Code has yet been appointed by the U.S. Trustee, but Debtor has given notice, as required by Bankruptcy Rule 4001, of this motion or pending requisite notice of such motion.

WHEREFORE, Debtor moves for a Final Order Authorizing the Use of Cash Collateral on the terms set forth in **Exhibit A** attached hereto and Granting Adequate Protection.

VANDEN BOS & CHAPMAN, LLP


By:/s/Douglas R. Ricks
    Douglas R. Ricks, OSB #044026
    Christopher N. Coyle, OSB #073501
    Of Attorneys for Debtor-in-Possession

Page 6 of 6    MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 23-30250-thp11    Doc 7    Filed 02/06/23

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No.   23-30250-dwh11 |
|---|---|
| RODA, LLC | FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL |
| Debtor-in-Possession. | |

THIS MATTER came before the Court on _____, on the motion of Debtor-in-Possession, RODA, LLC ("Debtor"), for final authority to use cash collateral, due and adequate notice under the circumstances having been given, and the Court having heard the representations and argument of counsel, and being otherwise fully advised,

The Court finds that:

A.   On February 6, 2023 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Code").

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EXHIBIT A - Page  1 of 9

Case 23-30250-thp11    Doc 7    Filed 02/06/23

A. Debtor continues in possession of Debtor's property and management of Debtor's businesses as Debtor-in-Possession, in accordance with 11 U.S.C. §§ 1107 and 1108. No trustee or examiner has been appointed. The Court has jurisdiction over this case under 28 U.S.C. §§ 157 and 1334. Venue of this case is properly in this District under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. §157(b), 11 U.S.C. §§ 105(a) and 363 of the Code, FRBP 4001 and LBR 4001-1.D.

B. Without the use of Cash Collateral, Debtor asserts it has insufficient funds to meet its expenses and other payments set forth in the Budget. Debtor asserts there is an immediate need to use Cash Collateral to pay Debtor's utilities, maintenance costs, and other operating expenses and to preserve the value of Debtor's business.

C. Debtor asserts that the following creditors, (the "Lien Creditors"), appear to have security interest/liens upon the Cash Collateral as of the petition date:

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Approximate Amount Owing | Property Value | Brief Collateral Description |
|---|---|---|---|---|
| PC0120N Joint Venture by Assignment of Trust Deed Assignee, PacWest Funding, Inc. dba Precision Capital ("Precision Capital") | 120N | $7,444,915.50 | $7,493,800.00 (tax real market value) | Trust Deed on real property located at 20407 SW Borchers Dr., Sherwood, OR 97140 |
| Washington County Assessment. & Taxation ("Washington County") | R2126915 | $169,944.70 | $7,493,800.00 (tax real market value) | Real Property Taxes on 20407 SW Borchers Dr., Sherwood, OR 97140 |

\* Property value includes only real estate value; full collateral value is substantially higher.

D. Other than the Lien Creditors noted above, Debtor is not aware of any parties holding an interest in Cash Collateral.

**NOW, THEREFORE, it is ORDERED as follows:**

1. Debtor is authorized to use Cash Collateral not to exceed $308,700.00 for the period covering Petition Date to June 30, 2023 (the "Budget Period"), for the purposes

Page 2 of 8     FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EXHIBIT A - Page 2 of 9

Case 23-30250-thp11    Doc 7    Filed 02/06/23

specified in the Budget attached hereto as **Exhibit 1**.  Debtor's authority to use Cash Collateral is limited to the cumulative amounts and uses of Cash Collateral as set forth in the Budget; provided however, that Debtor may make expenditures in excess of the amounts specified in the Budget subject to the limitation that the variance for each expense line item on **Exhibit 1** shall not exceed $500 or ten percent (10%), whichever is greater, under the Budget for the Budget Period.

2.  Notwithstanding anything to the contrary contained in 11 U.S.C. §552(a), as adequate protection for, and to secure payment of, an amount equal to the diminution in the value, if any, of Lien Creditors' collateral arising from Debtor's use of the Cash Collateral post-petition, the Lien Creditors are each granted the following adequate protection:

> a) A perfected lien and security interest on all property, whether now owned or hereafter acquired by Debtor of the same nature and kind as secured by the claim of the Lien Creditor on the Petition Date (the "Replacement Lien"); provided, however, that such Replacement Lien shall not attach to avoidance or recovery actions of Debtor's estate under Chapter 5 of the Code; and provided, further, that such Replacement Lien shall be subject to all valid, properly perfected and enforceable liens and interests that existed as of the Petition Date (such property on which the Replacement Lien shall attach being referred to herein as the "Replacement Collateral").
>
> b) The interests of the Lien Creditors in the Replacement Collateral shall have the same relative priorities as the liens held by them as of the Petition Date.

Page 3 of 8     FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

**EXHIBIT A - Page 3 of 9**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 23-30250-thp11    Doc 7    Filed 02/06/23

c)   Debtor shall timely perform and complete all actions necessary and appropriate to protect the Cash Collateral against diminution in value.

d)   The Replacement Lien on the Replacement Collateral shall be perfected and enforceable upon entry of this Order without regard to whether such Replacement Lien is perfected under applicable non-bankruptcy law.

e)   The Replacement Lien shall be in addition to all other liens and security interests securing the secured claims of the Lien Creditors in existence on the Petition Date. Nothing in the Order shall abridge or limit Lien Creditors' security interests in proceeds, products or profits to extent provided under Section 552 of the Bankruptcy Code.

f)   Debtor shall keep Lien Creditors' collateral and Replacement Collateral free and clear of all other liens, encumbrances and security interests, other than those in existence on the Petition Date, and shall pay when due all taxes, levies and charges arising or accruing from and after the Petition Date.

g)   Upon reasonable prior notice, Debtor shall allow Lien Creditors access during normal business hours to Debtor's premises to inspect or appraise their collateral.

h)   Debtor shall make adequate protection payments of $35,000 per month to Precision Capital beginning on March 15, 2023 and on the 15th of each consecutive month during the Budget Period. Such payments are to be held by Precision Capital as additional collateral and only applied

Page 4 of 8   FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EXHIBIT A - Page 4 of 9

Case 23-30250-thp11    Doc 7    Filed 02/06/23

under the terms of a further order of this Court or the terms of a confirmed Plan of Reorganization.

3. This Order shall be deemed to constitute a security agreement under the applicable provisions of the Uniform Commercial Code ("UCC") in effect in states where the Debtor (a) is domiciled, (b) operates its business, and (c) maintains its principal place of business. The Replacement Lien granted hereby shall be a valid, perfected and enforceable security interest and lien on the property of the Debtor and the Debtor's estate without further filing or recording of any document or instrument or any other action, but only to the extent of the enforceability of Lien Creditors' security interests in the Prepetition Collateral. Notwithstanding the foregoing, the Debtor is authorized and directed to execute and deliver to Lien Creditor(s) such financing statements, instruments and other documents as Lien Creditor(s) may deem necessary or desirable from time to time. To the extent necessary, the automatic stay in effect pursuant to 11 U.S.C. § 362 is hereby modified and lifted to permit the granting of the Replacement Lien as set forth herein.

4. Nothing in this Order shall be construed to (a) prejudice a right of any party in interest (including Debtor) to contest the validity, priority or extent of the liens or security interests of any party in any collateral or in the proceeds thereof, as of, on or after the Petition Date; (b) grant a security interest in the debtor-in-possession or trustee's avoidance powers; (c) convert any pre-petition obligations into post-petition obligations; (d) require payment of any obligations on confirmation of a plan of reorganization; (e) alter, improve, limit or impair the rights, if any, of parties claiming to have rights of reclamation against Debtor, or Debtor's assets or (f) enhance the secured position of any creditor as of the Petition Date.

Page 5 of 8    FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EXHIBIT A - Page 5 of 9

Case 23-30250-thp11    Doc 7    Filed 02/06/23

5. Debtor is authorized to execute and deliver to the Lien Creditors such instruments considered by it to be necessary or desirable to perfect the security interests and liens given to it herein, and said parties are authorized to receive, file, and record the same.

6. Absent further Order of the Court, Debtor's authority to use cash collateral shall terminate at midnight upon June 30, 2023 or the occurrence of any of the following: (a) the violation of the any of the terms of this Order, (b) the entry of an Order converting this case to a case under Chapter 7 of the Bankruptcy Code, (c) the termination, lapse, expiration or reduction of insurance coverage on Lien Creditors' collateral for any reason, or (d) the appointment of a trustee in this case.

7. Nothing contained in this Order shall constitute a determination as to the amount, validity or priority of any pre-petition obligation, security interest or lien and all rights or parties in interest to claim that any pre-petition lien or security interest in Debtor's property is unperfected, unenforceable, invalid or voidable, are reserved. Additionally, nothing in this Order shall constitute an admission or acknowledgment by Debtor that any party has a valid or perfected lien in the cash of Debtor now existing or subsequently received, and the references herein to "Cash Collateral" is without prejudice to all rights, defenses and claims of Debtor to contend that any party does not have a perfected lien or security interest in such cash.

8. The provisions hereof and the effect of any actions taken hereunder shall survive issuance and entry of any order: (a) confirming any plan of reorganization or liquidation; (b) appointing a trustee or examiner for the Debtor; (c) converting Debtor's case to one under Chapter 7 of the Code; or (d) dismissing Debtor's case. The priorities, liens

Page 6 of 8   FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EXHIBIT A - Page 6 of 9

Case 23-30250-thp11    Doc 7    Filed 02/06/23

and security interests granted herein shall continue in these or any superseding cases under the Code, and any such liens and security interests shall maintain their priority as provided herein until satisfied and discharged subject to the Code.

9. In the event any or all of the provisions of this Order are hereafter modified, amended or vacated by a subsequent order of this or any other court, no such modification, amendment or vacation shall affect the validity and enforceability of any lien or priority authorized or created hereby. Notwithstanding any such modification, amendment or vacation, any claim granted hereunder arising prior to the effective date of such modification, amendment or vacation shall be governed in all respects by the original provisions of this Order.

10. This Order does not grant authority to the Debtor to pay any pre-petition obligation, expense, or debt or to pay any administrative expense claims under Section 503(b), except for quarterly fees payable to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6).

11. Debtor's authority to use Cash Collateral may be extended beyond the amount in Paragraph 1 or the Budget Period by mutual agreement of the Debtor and Precision Capital. In the event of such an agreement, Debtor may submit a further order allowing the use of Cash Collateral without an additional motion or hearing. Notice of the proposed extension, including the applicable Budget, shall be provided to the U.S. Trustee and the Unsecured Creditors' Committee (or to the 20 largest unsecured creditors, if no committee

Page 7 of 8     FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

EXHIBIT A - Page 7 of 9

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 23-30250-thp11    Doc 7    Filed 02/06/23

is or has been formed) with 14 days for filing objections thereto. If no objections are received, the extension order will take effect upon its stated date of commencement.

###

**PRESENTED BY**:

| | |
|---|---|
| VANDEN BOS & CHAPMAN, LLP<br><br>By:/s/Douglas R. Ricks<br>　　Douglas R. Ricks, OSB #044026<br>　　Christopher N. Coyle, OSB #073501<br>　　Of Attorneys for Debtor-in-Possession<br><br>**LBR 9021-1 CERTIFICATION**<br>I certify that I have complied with the requirement of LBR 9021-1(a); Order was circulated with Motion.<br><br>By:/s/Douglas R. Ricks<br>　　Douglas R. Ricks, OSB #044026<br>　　Christopher N. Coyle, OSB #073501 | **First Class Mail:**<br><br>See Attached List. (The original Service List is attached to the original copy filed with the Court only. Creditors may request a copy of the Service List by contacting the undersigned.)<br><br>**Electronic Mail:**<br><br>The foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system |

Page 8 of 8    FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EXHIBIT A - Page 8 of 9

Case 23-30250-thp11    Doc 7    Filed 02/06/23

RODA, LLC
Monthly Budget
February through June 2023

| | Feb 23 | Mar 23 | Apr 23 | May 23 | Jun 23 | TOTAL |
|---|---|---|---|---|---|---|
| **Ordinary Income/Expense** | | | | | | |
| **Income** | | | | | | |
| Miscellaneous Income | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Rental Income** | | | | | | |
| CAM Charges/Other Fees | $12,950.00 | $12,950.00 | $12,950.00 | $12,950.00 | $12,950.00 | $64,750.00 |
| Rental Income - OIE | $43,465.00 | $43,465.00 | $43,465.00 | $43,465.00 | $43,465.00 | $217,325.00 |
| Cure Payments - OIE | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | $50,000.00 |
| Rental Income - Tenants | $10,851.00 | $10,851.00 | $10,851.00 | $10,851.00 | $10,851.00 | $54,255.00 |
| Rental Income - Other | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Total Rental Income** | $77,266.00 | $77,266.00 | $77,266.00 | $77,266.00 | $77,266.00 | $386,330.00 |
| **Total Income** | $77,266.00 | $77,266.00 | $77,266.00 | $77,266.00 | $77,266.00 | $386,330.00 |
| **Gross Profit** | $77,266.00 | $77,266.00 | $77,266.00 | $77,266.00 | $77,266.00 | $386,330.00 |
| **Expense** | | | | | | |
| Bank Fee Charges | ($50.00) | ($50.00) | ($50.00) | ($50.00) | ($50.00) | ($250.00) |
| Computer and Internet Expenses | ($500.00) | ($500.00) | ($500.00) | ($500.00) | ($500.00) | ($2,500.00) |
| Insurance Expense | ($262.50) | ($262.50) | ($262.50) | ($262.50) | ($262.50) | ($1,312.50) |
| Meals and Entertainment | ($250.00) | ($250.00) | ($250.00) | ($250.00) | ($250.00) | ($1,250.00) |
| Office Supplies | ($100.00) | ($100.00) | ($100.00) | ($100.00) | ($100.00) | ($500.00) |
| **Professional Fees** | | | | | | |
| Bookkeeping/Internal Actg | ($500.00) | ($1,500.00) | ($500.00) | ($500.00) | ($500.00) | ($3,500.00) |
| **Total Professional Fees** | ($500.00) | ($1,500.00) | ($500.00) | ($500.00) | ($500.00) | ($3,500.00) |
| Property Tax Reserve | ($8,333.33) | ($8,333.33) | ($8,333.33) | ($8,333.33) | ($8,333.33) | ($41,666.65) |
| Repairs and Maintenance | ($2,500.00) | ($2,500.00) | ($2,500.00) | ($2,500.00) | ($2,500.00) | ($12,500.00) |
| Security Monitoring Fees | ($300.00) | ($300.00) | ($300.00) | ($300.00) | ($300.00) | ($1,500.00) |
| Utilities | ($19,000.00) | ($19,000.00) | ($19,000.00) | ($19,000.00) | ($19,000.00) | ($95,000.00) |
| **Total Expense** | ($31,795.83) | ($32,795.83) | ($31,795.83) | ($31,795.83) | ($31,795.83) | ($159,979.15) |
| **Net Ordinary Income** | $45,470.17 | $44,470.17 | $45,470.17 | $45,470.17 | $45,470.17 | $226,350.85 |
| **Other Income/Expense** | | | | | | |
| Expense - UST Fees | $0.00 | $0.00 | ($646.00) | $0.00 | $0.00 | ($646.00) |
| Utility Deposit(s) | $0.00 | ($8,074.76) | $0.00 | $0.00 | $0.00 | ($8,074.76) |
| Adequate Protection - Precision | $0.00 | ($35,000.00) | ($35,000.00) | ($35,000.00) | ($35,000.00) | ($140,000.00) |
| **Net Other Income/Expense** | $0.00 | ($43,074.76) | ($35,646.00) | ($35,000.00) | ($35,000.00) | ($148,720.76) |
| **Net Income** | $45,470.17 | $1,395.41 | $9,824.17 | $10,470.17 | $10,470.17 | $77,630.09 |